IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL NO. H-02-633-001 |
| | § | |
| JOHN M. BEAIRD | § | |

## ORDER

Defendant John M. Beaird has filed an Application for Release Pending Appeal [Doc. # 147] and a Request for Ruling on Motion for Bail Pending Appeal [Doc. # 156]. "To obtain release pending appeal, a convicted defendant must establish four factors: (1) that he is not likely to flee or pose a danger to the safety of others; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that the substantial question, if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without punishment, or in a sentence with reduced imprisonment." *United States v. O'Keefe*, 169 F.3d 281 (5th Cir. 1999) (citing 18 U.S.C. § 3143(b)).

In this case, Beaird fails to satisfy the fourth factor. Beaird asserts that his appeal raises a substantial issue under *United States v. Booker*, __ U.S. __, 125 S. Ct. 738 (2005). In his Plea Agreement, Beaird waived his right to appeal his sentence "except that the defendant may appeal a sentence imposed above the statutory maximum or an upward departure from the Sentencing Guidelines not requested by the United States." *See* Plea

Agreement [Doc. # 43], ¶ 10. The *Booker* issue is one waived by Beaird in his plea agreement. *See United States v. McKinney*, __ F.3d __, 2005 WL 887153 * 2 (5th Cir. April 15, 2005). As a result, the *Booker* issue is not likely to result in a sentence with reduced imprisonment, and it is hereby

**ORDERED** that Beaird's Application for Release Pending Appeal [Doc. # 147] is **DENIED** and his Request for Ruling on Motion for Bail Pending Appeal [Doc. # 156] is **MOOT**.

SIGNED at Houston, Texas, this **31st** of **May, 2005**.

_____
Nancy F. Atlas
United States District Judge