IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-02-633-01 |
| | § | |
| JOHN M. BEAIRD | § | |
| | § | |

## **ORDER**

The defendant, John M. Beaird, pled guilty to charges of mail fraud. As a result, Beaird and a co-defendant were sentenced to serve 60 months of imprisonment, followed by a three-year term of supervised release, and to make restitution in the amount of $465,806 to three creditors. The United States Court of Appeals for the Fifth Circuit affirmed the conviction in an unpublished opinion, and the United States Supreme Court has denied Beaird's petition for a writ of certiorari. *See United States v. Beaird*, No. 03-21106 (5th Cir. July 27, 2005), *cert. denied*, 126 S. Ct. 1382 (2006). Now pending before the Court is Beaird's motion for relief from the judgment under Rule 60(b)(5) of the Federal Rules of Civil Procedure.[1] (Doc. # 204). The motion is denied for reasons set forth briefly below.

Under Rule 60(b), a district court "may relieve a party" from the effects of a "final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could

---

[1] Neither the government nor the judgment creditor, Camden Capital Mortgage, Inc., has filed a response to Beaird's motion. The certificate of service that accompanies the motion reflects that Beaird has failed to serve a copy on counsel for Camden, L. Marc Grosz III, at his current address of record, 440 Louisiana Street, Suite 250, Houston, TX 77002.

not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). In this instance, Beaird insists that he is entitled to relief from the criminal judgment imposed in his case under Rule 60(b)(5) because the "judgment of restitution" has been satisfied.

Beaird's attempt to obtain relief from the restitution order under Rule 60(b) is improper. In that regard, Beaird cannot show that he is entitled to relief from his criminal judgment under any portion of Rule 60(b) because his motion concerns a criminal judgment. The Federal Rules of Civil Procedure govern the procedure in the United States district courts in suits of a civil nature. *See* FED. R. CIV. P. 1, 81; *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999). "Federal Rule of Civil Procedure 60(b), therefore, simply does not provide for relief from a judgment in a criminal case." *O'Keefe*, 169 F.3d at 289.

Moreover, the record reflects that Beaird has challenged the restitution order previously in this case and that his efforts have been unsuccessful. His present motion contains many of the same arguments that were rejected in the Court's order dated April 17, 2006. (Doc. # 195). Beaird fails to show that this decision was entered in error or that he is otherwise entitled to relief from the restitution order.

Accordingly, it is **ORDERED** that Beaird's motion for relief from the judgment under Rule 60(b) (Doc. # 204) is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on March 5, 2007.

Nancy F. Atlas
United States District Judge